**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 7, 2005
Decided September 29, 2005

**Before**

Hon. Joel M. Flaum, *Chief Judge*

Hon. Michael S. Kanne, *Circuit Judge*

Hon. Terence T. Evans, *Circuit Judge*

No. 03-3199

| | |
|---|---|
| United States of America, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| v. | No. 02 CR 1138 |
| Lauren A. Baker, *Defendant-Appellant.* | Ronald A. Guzman, *Judge.* |

**O R D E R**

Defendant-appellant Lauren A. Baker pled guilty to one count of bank robbery by force, violation, and intimidation. During sentencing, the district court considered as relevant conduct 1) defendant's use of a threat of death, 2) the amount of money defendant and her codefendants took from the bank, $10,900, 3) the risk of injury created during the flight from the bank, and 4) defendant's acceptance of responsibility for her actions. The district court departed upward seven levels and downward three levels and sentenced defendant to 51 months of imprisonment, the minimum sentence in the resulting sentencing range.

On May 6, 2005, we ordered a limited remand to the district court pursuant to *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005), to determine whether that court would have imposed the same sentence had it understood that the guidelines were advisory. The district court invited the parties to submit briefs setting forth their positions on the appropriate sentence for defendant. On August 12, 2005, the district court issued an order stating that it would have imposed the same sentence under an advisory guidelines regime.

On August 31, 2005, this Court notified the parties that it had received the district court's response and invited the parties to file, within seven days, any arguments concerning the appropriate disposition of the appeal in light of the district court's decision. The government filed a position statement. Ms. Baker did not, and consequently does not contend that the district court committed plain error on remand.

Even if Ms. Baker had challenged the district court's August 12, 2005 order, we would vote to affirm. The district court properly responded to this Court's limited remand order by examining the record that existed at the time of sentencing, the parties' briefs, and the factors in 18 U.S.C. § 3553(a). The district court concluded that defendant's sentence of 51 months was reasonable and that resentencing was unnecessary.

We agree that defendant's sentence is reasonable. The sentence imposed by the district court was properly calculated and within the guidelines range, and thus enjoys a presumption of reasonableness. *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005) (any sentence that is properly calculated under the guidelines is entitled to a rebuttable presumption of reasonableness). The district court listed the various mitigating and aggravating factors that it considered in arriving at defendant's sentence, including defendant's history of sexual abuse and parental neglect and abuse, the seriousness of defendant's offense, and defendant's criminal history. The district court concluded that reducing the sentence to less than 51 months, which is at the low end of the guidelines range, would deprecate the seriousness of defendant's offense. This explanation is sufficient to demonstrate that defendant's sentence is reasonable. *See United States v. Dean*, 414 F.3d 725, 729-30 (7th Cir. 2005) (judge's duty to consider the statutory factors is not a duty to make findings).

Because the district court would have imposed the same sentence post-*Booker* and because the sentence is reasonable, we conclude that Baker's sentence was not the result of plain error. Accordingly, we AFFIRM the judgment of the district court.